UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BALJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-04143-TMC<br><br>ORDER GRANTING WRIT OF HABEAS CORPUS |

## I. ORDER

Petitioner Baljit Singh, a native of India, entered the United States in 2024. Dkt. 1 ¶ 5. Singh was apprehended by Customs and Border Patrol ("CBP") and was then released under an order of supervision. *Id.* He later applied for asylum, which remains pending. *Id.* In September 2026, Singh and his friends traveled from California to Peace Arch Historical State Park, and "inadvertently went to the exit at the Canada border." *Id.* ¶¶ 7–8. Singh was then detained and taken to the Northwest ICE Processing Center where he remains. *Id.*

Singh alleges that by detaining him without a pre-deprivation hearing after this "inadvertent" mistake, Respondents violated his rights under the Due Process Clause. He also contends that his mandatory detention violates the Administrative Procedure Act and the Immigration and Nationality Act. *Id.* ¶¶ 7, 25–41. He seeks release or, alternatively, a bond

hearing at which the government would be required to justify his detention by clear and convincing evidence. *See id.* ¶ 30 (citing *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)).

On October 27, Singh filed this habeas petition. Dkt. 1. On October 28, the Court issued its standard scheduling order directing Respondents to show cause why the writ should not be granted. Dkt. 3; *see also* 28 U.S.C. § 2243 (requiring the custodian to "show cause why writ should not be granted" and certify the "true cause" of the detention).

On October 26, the Court received a letter from the U.S. Attorney's Office for the Western District of Washington ("USAO") informing the Court that, going forward, "there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents." Ex. A. The letter represented that the USAO would continue to screen habeas petitions, but that "if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition." *Id.* When the USAO chooses not to appear, the letter represents that "the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case." *Id.* The USAO has instead provided the Court with email addresses through which the Court's orders may be sent directly to Immigration and Customs Enforcement.

The American judicial system is fundamentally adversarial. It depends on the "facts and arguments" presented by the parties; the judge does not "conduct the factual and legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). "In both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). While the Court is not aware of any precedent for the Department of Justice exercising its discretion by

declining to appear on behalf of a federal agency or officer rather than filing a non-opposition statement, the USAO's letter from October 26, 2026 is the official position of the Department. Because the Department has not appeared within seven court days of the scheduling order entered in this matter, the Court construes the habeas petition as intentionally unopposed.

Singh has stated a plausible claim to habeas relief under the Due Process Clause. In the absence of a response to the Court's show cause order (Dkt. 3), the Court GRANTS the petition and will order his release from custody.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must release Petitioner Baljit Singh from custody and restore his previous release conditions.

3. Upon his release, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Petitioner's counsel shall file a status report by November 9, 2026, confirming that Petitioner Baljit Singh has been released.

5. As instructed by the U.S. Attorney's Office, the Court will direct copies of this Order to ICE and EOIR at the following email addresses: OPLASeattlefedlit@ice.dhs.gov; TacomaLEOs@ice.dhs.gov; OCIJ.Habeas.Orders@usdoj.gov.

Dated this 7th day of November, 2026.

Tiffany M. Cartwright
United States District Judge